Erin M. Erickson
BOHYER, ERICKSON, BEAUDETTE & TRANEL, P.C.
283 West Front, Suite 201
Post Office Box 7729
Missoula, Montana  59807-7729
Telephone: (406) 532-7800
Facsimile: (406) 549-2253
Email:  mail@bebtlaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

---

| | |
|---|---|
| ERIKA PETERMAN, | Cause No. CV-17-_____ |
| Plaintiff, | |
| | THE HON. _____ |
| -vs.- | |
| | **COMPLAINT** |
| REPUBLICAN NATIONAL COMMITTEE, | |
| Defendant. | |

---

Plaintiff, Erika Peterman, ("Peterman"), alleges the following against the Defendant, Republican National Committee ("RNC"):

## INTRODUCTION

1. This is an action for copyright infringement, arising from the RNC's copying of Peterman's photograph ("Work"), attached hereto as **Exhibit A**. The RNC copied and unlawfully used and widely distributed the subject Work through campaign direct mailings and possibly other distributions.

2. Peterman is a well-known photographer and is the author and owner of the copyright in the Work. Among her portfolio of clients is the Montana Democratic Party.

3. The RNC is a U.S. political organization. It is responsible for developing and promoting the Republican political platform, as well as coordinating fundraising and election strategy. The RNC has been campaigning on behalf of a current candidate, Greg Gianforte, in Montana's Special Election to fill its lone Congressional seat in the U.S. House of Representatives. As part of its campaigning, the RNC sent out mass direct mailings negatively depicting the Democratic candidate, Rob Quist. The mass direct mailings unlawfully used Peterman's Work.

## JURISDICTION AND VENUE

4. Peterman is a resident of Missoula, Montana.

5. The RNC is a Section 527 political organization, having its principal office at 310 First St. SE Washington, D.C.

6. This is a civil action for copyright infringement arising under the laws of the United States, 17 U.S.C. § 101, *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338(a).

7. Venue is proper in this Court under 28 U.S.C. §§1391 and 1400(b), as the RNC is subject to personal jurisdiction here. The RNC is engaged in substantial, and not isolated activities, within the State. Further, the RNC employs Montana Chairman, Jeff Essman, who is located in Montana. Finally, the RNC is subject to personal jurisdiction in this district as this is an action claiming injury within Montana arising out of the RNC's acts of copyright infringement in Montana.

## FACTUAL BACKGROUND

8. On March 18, 2017, Peterman contracted with the Montana Democratic Party to take photographs at the annual Mansfield-Metcalf Dinner in Helena, Montana. Peterman has been selected to photograph this event in past years.

9. This year was particularly important for her business, as the Special Election was currently taking place in Montana and she was asked to take photographs of the Democratic candidate, Rob Quist, at that event, which is depicted in her subject Work.

10. After the event, Peterman edited her photographs and sent them to the Montana Democratic Party, on March 21, 2017. The photographs she selected were provided via Peterman's secure, on-line photo gallery. The subject Work is entitled, ErikaPeterman-87.

11. Peterman filed for registration of her work with the U.S. Copyright office on May 12, 2017. A copy of that registration is attached hereto as **Exhibit B**.

12. Peterman gave limited license to the Montana Democrats to use the Work. Peterman also gave limited license to Rob Quist's campaign to use the Work. Any use of Work is by permission from Peterman, who retains ownership of the copyright in the Work.

13. On May 9, 2017, Peterman was notified that the RNC had widely distributed anti-Quist direct mailers, which unlawfully featured Peterman's Work. A copy of the infringing RNC mailer is attached hereto as **Exhibit C**.

14. The image of Rob Quist on the RNC mailer is a high resolution copy of Peterman's Work.

15. On information and belief, the RNC knowingly and unlawfully obtained and copied Peterman's Work for use on its mailer.

16. On May 11, 2017, the RNC officially stated to the *Missoulian* newspaper that the photograph on the mailer was a "screen grab" from a Rob Quist promotional video, yet the RNC failed to provide the correct video in which the "screen grab" was taken. Further, Rob Quist's campaign has never used the subject Work in any promotional videos.

## COUNT I: COPYRIGHT INFRINGEMENT

17. The allegations in paragraphs 1-16 are incorporated here by reference.

18. Peterman is the author and owner of a valid copyright in the Work, which is the subject of U.S. copyright registration.

19. The RNC has infringed Peterman's copyright in the mailer by distributing it widely through mass direct mailings.

20. The image in the RNC mailer is similar to, and is indeed a copy of, Peterman's Work.

21. Upon information and belief, the RNC's infringement was willful.

22. The RNC did not have authorization of Peterman, or the law, to reproduce, distribute, display or create derivative copies of the Work.

23. The RNC has not compensated Peterman for reproducing, displaying and distributing her Work.

24. The RNC violated Peterman's exclusive rights granted in 17 U.S.C. §106.

25. As a direct and proximate result of its wrongful conduct, the RNC has realized, and continues to realize, benefits rightfully belonging to Peterman for the Work. Peterman has been damaged by the RNC's infringement.

26. As a direct and proximate result of the RNC's infringement of Peterman's copyright and exclusive rights under copyright, Peterman is entitled to either actual or statutory damages, pursuant to 17 U.S.C. §504, with respect to the infringed upon Work.

27. Peterman is further entitled to attorneys' fees and full costs pursuant to 17 U.S.C. §505.

28. The RNC's conduct is causing, and unless enjoined and restrained by this Court, will continue to cause Peterman great and irreparable injury that cannot fully be compensated for, or measured in money.  Peterman has no adequate remedy at law.  Pursuant to 17 U.S.C. §502, Peterman is entitled to

a preliminary and permanent injunction prohibiting further infringement of her copyright and exclusive rights under copyright.

WHEREFORE, Plaintiff, Erika Peterman, prays for judgment against Defendant RNC as follows:

1. For actual damages in an amount to be proven at trial or elected prior to final judgment with respect to the copyrighted Work infringed upon, pursuant to 17 U.S.C. §504(b);

2. Alternatively, at Peterman's election, for maximum statutory damages, in the amount of $150,000 per infringement, pursuant to 17 U.S.C. §504(c), or for such other amount as may be proper pursuant to that section;

3. That Peterman be awarded her costs and attorneys' fees incurred herein, pursuant to 17 U.S.C. §505;

4. Granting a permanent injunction enforcing the following:

    A. Prohibiting the RNC, and those acting in active concert or participation with it, from reproducing, copying, selling or distributing Peterman's Work or any other items featuring any copy of the Work.

    B.    Requiring the RNC to provide to Peterman, under oath, an accounting of all distribution of her Work;

    C.    Requiring RNC to pay to Peterman such damages that Peterman has sustained, or will sustain, as consequence of the RNC's infringement and to account for all gains, profits and advantages derived through each unauthorized use of Peterman's Work and any copy, derivative and/or substantial copy of her Work.

    D.    For an accounting of the RNC's profits from the use of Peterman's Work and any copy, derivative and/or substantial copy of her Work; and

5.    For such other relief as this Court may deem just and equitable.

### COUNT II:  INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

29.    Peterman re-alleges the allegations made in paragraphs 1 through 28 above.

30.    Peterman is a professional photographer and derives her income through her photography.

31.    During Montana's Special Election for its Congressional House seat, Peterman's photography, specifically, the Work, had increased value as the

Work depicts the Democratic candidate. The RNC's use of the Work, for a use opposite of Peterman's intended use of her Work, has caused her damages.

32. Unlawfully using Peterman's copyright protected Work, the RNC has been, and continues to, intentionally and willfully interfere with the prospective economic advantage of Peterman.

33. The RNC's intentional and willful acts have been and are calculated to cause damage to Peterman and her business by interfering with Peterman's prospective business relations.

34. The RNC's unauthorized, intentional and willful use of Peterman's intellectual property was, and continues to be, done with the unlawful purpose of causing damage or loss to Peterman, without right or justifiable cause on the part of the RNC.

WHEREFORE, Peterman prays as follows:

   A. That judgment against the RNC for intentional interference with prospective economic advantage of Peterman be entered;

   B. That Peterman be awarded her costs and attorneys' fees incurred herein;

C.  That Peterman be awarded her actual damages and loss in an amount to be proven at trial; and

D.  For such other and further relief as this Court may deem just and equitable.

DATED this 16th day of May, 2017.

       /s/ Erin M. Erickson
Erin M. Erickson
BOHYER, ERICKSON,
BEAUDETTE & TRANEL, P.C.
Attorneys for Plaintiff