WILLIAMS LAW FIRM, P.C.
Mark S. Williams, Esq.
235 E. Pine, P.O. Box 9440
Missoula, Montana 59807-9440
(406) 721-4350 Fax: (406) 721-6037
mark@wmslaw.com

David E. Weslow (*pro hac vice*)
Ari S. Meltzer (*pro hac vice*)
Wiley Rein LLP
1776 K Street, N.W.
Washington, DC 20006
202.719.7000 Fax: 202.719.7049
dweslow@wileyrein.com
ameltzer@wileyrein.com

*Attorneys for Defendant*
*Republican National Committee*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| ERIKA PETERMAN, | **CV 17-66-M-DLC** |
| Plaintiff, | |
| -vs- | **DEFENDANT REPUBLICAN NATIONAL COMMITTEE'S ANSWER TO PLAINTIFF ERIKA PETERMAN'S COMPLAINT** |
| REPUBLICAN NATIONAL COMMITTEE, | |
| Defendant. | |

Defendant Republican National Committee ("Defendant" or "RNC")
respectfully submits its Answer and Affirmative Defenses to Plaintiff Erika
Peterman's Complaint:

## INTRODUCTION

1.      Admitted that Plaintiff has brought an action for copyright infringement and, that Defendant, through a vendor, caused the production and distribution of a political mailing that included a fair use of the subject photograph.  Defendant denies the remaining allegations in Paragraph 1.

2.      Defendant lacks information sufficient to admit or deny the allegations in Paragraph 2 and therefore denies the allegations.

3.      Admitted that Defendant is a U.S. political organization that is engaged in developing and promoting the Republican political platform, that the RNC engaged in activities through an independent expenditure unit in support of Greg Gianforte's candidacy in Montana's special election to fill its lone Congressional seat, and that the RNC's independent expenditure unit, through a vendor, caused the production and distribution of direct mailings critical of Democratic candidate Rob Quist. Defendant denies the remaining allegations in Paragraph 3.

## JURISDITION AND VENUE

4.       Defendant lacks information sufficient to admit or deny the allegations in Paragraph 4 and therefore denies the allegations.

5.      Admitted.

6.     Admitted that Plaintiff has brought an action for copyright infringement and that this Court has subject matter jurisdiction.  Defendant denies any remaining allegations in Paragraph 6.

7.     Admitted that venue and specific jurisdiction are proper in this Court. Defendant denies the remaining allegations in Paragraph 7.

## FACTUAL BACKGROUND

8.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 8 and therefore denies the allegations.

9.     Admitted that there was a Special Election in Montana in 2017. Defendant lacks information sufficient to admit or deny the remaining allegations in Paragraph 9 and therefore denies the allegations.

10.    Defendant lacks information sufficient to admit or deny the allegations in Paragraph 10 and therefore denies the allegations.

11.    Defendant lacks information sufficient to admit or deny the allegations in Paragraph 11 and therefore denies the allegations.

12.    Defendant lacks information sufficient to admit or deny the allegations in Paragraph 12 and therefore denies the allegations.

13.    Admitted that, through a vendor, Defendant's independent expenditure unit caused the production and distribution of a political mailing that was critical of

Democratic candidate Rob Quist and included a fair use of the subject photograph. Further admitted that the document attached as Exhibit C to the Complaint depicts a portion of the mailing sent on behalf of Defendant. Defendant denies that the mailing portrayed in Exhibit C was unlawful, and lacks information sufficient to admit or deny the remaining allegations in Paragraph 13 and therefore denies the allegations.

14.    Defendant lacks information sufficient to admit or deny the allegations in Paragraph 14 and therefore denies the allegations.

15.    Denied.

16.    Defendant lacks information sufficient to admit or deny the allegations in Paragraph 16 and therefore denies the allegations.

## COUNT I: COPYRIGHT INFRINGEMENT

17.    Defendant hereby incorporates its responses to paragraphs 1-16 of the Complaint as if fully set forth herein.

18.    Defendant lacks information sufficient to admit or deny the allegations in Paragraph 18 and therefore denies the allegations.

19.    Denied.

20. Defendant admits that mailer depicted in Exhibit C to the Complaint makes fair use of a portion of a photograph for which Plaintiff claims to be the author and owner. Defendant denies the remaining allegations in Paragraph 20.

21. Denied.

22. Defendant denies that it was required to obtain the authorization of Plaintiff to produce the mailer depicted in Exhibit C to the Complaint, which makes fair use of a portion of a photograph for which Plaintiff claims to be the author and owner, admits that it did not have express authorization from Plaintiff, and denies the remaining allegations in Paragraph 22.

23. Defendant denies that it had any obligation to compensate Plaintiff, admits that it has not compensated Plaintiff, and denies the remaining allegations in Paragraph 23.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

Defendant denies that the Plaintiff is entitled to any of the relief sought in

her wherefore clause.  To the extent not expressly admitted, Defendant denies each and every allegation in the Complaint.

## COUNT II: INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

In accordance with the Court's Order dated March 19, 2018 (ECF No. 19), Count II of Plaintiff's Complaint has been dismissed.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred by the doctrines of copyright misuse and unclean hands.

### Third Affirmative Defense

Plaintiff's claims are barred because Defendant's use of the material at issue was a fair use.

### Fourth Affirmative Defense

Plaintiff has failed to take steps to mitigate damages, if any, and Plaintiff's recovery, if any, must be barred or diminished accordingly.

<u>Fifth Affirmative Defense</u>

Plaintiff is not entitled to the damages sought because Defendant was not aware of and had no reason to believe that its acts constituted an infringement of copyright.

<u>Sixth Affirmative Defense</u>

Plaintiff is not entitled to damages pursuant to 17 U.S.C. § 504(c)(2) based on Defendant's reasonable belief that the use of Plaintiff's work was a fair use and/or Defendant is entitled to a reduction of any such award pursuant to 17 U.S.C. § 504(c)(2) to $200.

## **RELIEF SOUGHT**

Defendant requests the Court to grant the following relief:

1. Dismiss the Complaint with prejudice.

2. Award Defendant their costs and fees as allowed.

3. For such other relief as the Court deems proper.

DATED this  9th  day of April, 2018.


/s/ Mark S. Williams
Mark S. Williams, Esq.
Williams Law Firm, P.C.

David E. Weslow, Esq.
Ari S. Meltzer, Esq.
Wiley Rein LLP
*Attorneys for Defendant RNC*