WILLIAMS LAW FIRM, P.C.
Mark S. Williams, Esq.
235 E. Pine, P.O. Box 9440
Missoula, Montana 59807-9440
(406) 721-4350 Fax: (406) 721-6037
mark@wmslaw.com

David E. Weslow (*pro hac vice*)
Ari S. Meltzer (*pro hac vice*)
Wiley Rein LLP
1776 K Street, N.W.
Washington, DC 20006
202.719.7000 Fax: 202.719.7049
dweslow@wileyrein.com
ameltzer@wileyrein.com

*Attorneys for Defendant*
*Republican National Committee*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| ERIKA PETERMAN, | **CV 17-66-M-DLC** |
| Plaintiff, | |
| -vs- | DEFENDANT RNC'S PRELIMINARY PRETRIAL STATEMENT |
| REPUBLICAN NATIONAL COMMITTEE, | |
| Defendant. | |

Defendant Republican National Committee ("RNC"), pursuant to Fed. R. Civ. P. 26(a)(1), and Local Rule 16.2(b)(1), provides the following preliminary pretrial

statement:

        A.     <u>Brief factual outline of the case</u>.

This case is brought by Plaintiff Erika Peterman ("Plaintiff" or "Peterman") alleging that Defendant RNC infringed her copyrights in a photograph of U.S. Senate Candidate Rob Quist (the "Quist Photograph") when an RNC vendor used a modified version of the photograph to criticize Candidate Quist in an independent expenditure mailing (the "RNC Mailing"). Ms. Peterman captured the photograph at issue at the annual Mansfield-Metcalf Dinner, where the Montana Democratic Party had contracted with her to photograph Mr. Quist. The image features the back of Mr. Quist's head and his signature cattleman's hat under three stage lights at the event. Ms. Peterman claims to have licensed the Montana Democratic Party and the Quist campaign to use the work, and the Quist campaign uploaded a high-resolution version of the photograph to its public Facebook page on or around March 20, 2017.

The RNC's vendor distributed the mailer at issue on or around May 9, 2017. The mailer (significant portions of which Plaintiff omitted in an attachment to her Complaint) included three printed sides, each with a photograph of Mr. Quist and one or more taglines that included a play on Mr. Quist's musical background accompanied by images of a treble clef and lines of sheet music. The mailer also included specific criticisms of Mr. Quist's policy positions. A true and accurate copy of the mailer is attached hereto as Exhibit A.

Ms. Peterman's photograph was one of three photographs of Mr. Quist included in the mailer, each of which portrayed Mr. Quist as a performer consistent with the mailing's play on musical themes. The RNC's vendor obtained Ms. Peterman's photograph from the Quest campaign's Facebook page, where the photograph did not bear a copyright symbol, a copyright ownership legend, or any other indication that it was a copyrighted work.

B. <u>Issues concerning jurisdiction and venue</u>.

Defendant does not believe there are any issues of jurisdiction or venue.

C. <u>Factual basis of claims and defenses</u>.

See above.

D. <u>Legal theory underlying claims/defenses, citing authority where necessary to a reasonable understanding of the claim or defense</u>.

The use of Ms. Peterman's photograph in a clearly critical campaign-related mailing sent on behalf of the RNC is core political speech and a fair use under Section 107 of the Copyright Act, which provides that "the fair use of a copyrighted work, including such use by reproduction in copies or phonorecords . . . for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright." 17 U.S.C. § 107. When determining whether a use constitutes a "fair use," the Copyright Act directs courts to consider: (1) the purpose and character of the use,

including whether such use is of a commercial nature or for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion of the work used in relation to the work as a whole; and (4) the effect of the use on the potential market for or value of the work. *Id.*

Ms. Peterman also engaged in copyright misuse by attempting to enforce her copyright with unclean hands and/or by claiming a copyright in a work that is at least partially in the public domain. *See Vogue Ring Creations, Inc. v. Hardman*, 410 F. Supp. 609, 616 (D.R.I. 1976) (finding copyright misuse where copyright owner exaggerated damages); *F.E.L. Publications, Ltd. v. Catholic Bishop of Chicago*, No. 81-1333, 1982 WL 19198, at *5 (7th Cir. Mar. 25, 1982) (citing *Mercoid Corp. v. Mid-Continent Investment Co.*, 320 U.S. 661, 666-67 (1944)).

E.  Computation of damages.

Defendant is not making any claims of damages. If Defendant is the prevailing party, it will seek an award of full costs including a reasonable attorney's fee pursuant to 17 U.S.C. § 505. Defendant also reserves the right to seek an award of all costs incurred after August 25, 2017, pursuant to Fed. R. Civ. P. 68(d).

Defendant does not believe Ms. Peterman is entitled to damages because the use of the photograph in the RNC Mailing was a fair use. In the event the court disagrees and finds Defendant liable for infringement, Plaintiff's actual damages must be less than the $365 of Ms. Peterman's fee that the Montana Democratic Party

allocated to a federal share (and, therefore, to the special election campaign).

Although Plaintiff may elect to recover statutory damages, there is no basis to award damages above the low end of the statutory range. When assessing damages in copyright cases, courts in the Ninth Circuit are guided by "what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like." *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990) (quoting *F. W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 232 (1952)). Under similar circumstances, courts have awarded statutory damages of no more than a few hundred dollars per work. *See Rosen v. Netfronts, Inc.*, No. CV 12–658 CAS (FFMx), 2013 WL 3467205 (C.D. Cal. July 9, 2013) (awarding $800 for four photographs); *Glacier Films (USA), Inc. v. Tenorio*, No. 3:15-CV-01729-SB, 2016 WL 3766465, at *3 (D. Or. June 22, 2016) (awarding minimum statutory damages of $750 for single infringing video), report and recommendation adopted, No. 3:15-CV-01729-SB, 2016 WL 3763193 (D. Or. July 13, 2016); *Magna-RX, Inc. v. Holley*, No. CV05-3545-PHX-EHC, 2008 WL 5068977, at *1 (D. Ariz. Nov. 25, 2008) (awarding minimum statutory damages for infringement of three separate photographs).

Courts in the Ninth Circuit refuse to issue statutory damages awards that would result in a windfall to the plaintiff—such as Plaintiff in the present case is apparently seeking. *See, e.g., Warner Bros. Home Entertainment Inc. v. Jimenez*,

2013 WL 3397672, at *5 (C.D. Cal. 2013) (holding plaintiff would receive a windfall if it received $25,000 for each of the 22 copyright infringements against Amazon third-party seller reproducing and selling counterfeit copies of plaintiff's copyrighted motion pictures); *Microsoft Corp. v. Ricketts*, No. C 06-06712 WHA, 2007 WL 1520965, at *4 (N.D. Cal. May 24, 2007) (awarding $1,500 per copyright infringed to avoid windfall).

Furthermore, because RNC would at most be an innocent infringer due, among other things, to the lack of copyright marking, the source of the photo, and/or the nature of the use, a statutory damages award as low as $200 would be appropriate.

  F. <u>Pendency or disposition of any related state or federal litigation</u>.

Defendant is unaware of any other related state or federal litigation.

  G. <u>Proposed stipulations of fact and law.</u>

1) Of the $500 payment from the Montana Democratic Party to Ms. Peterman, $365 was allocated as a federal share, with the remaining $135 allocated as a nonfederal share.

2) Before running for office, Mr. Quist was a musician, songwriter, and entertainer.

3) Articles about Mr. Quist's candidacy frequently referenced Mr. Quist's background as a musician.

4) Mr. Quist's campaign website and social media accounts included numerous photographs of Mr. Quist performing and/or posing with instruments.

5) Mr. Quist's campaign biography included the following description of Mr. Quist's musical background: "At the University of Montana, he co-founded the Mission Mountain Wood Band and toured nationwide for 12 years, performing at colleges and concert venues across the country and charting original songs on Billboard's top 100 songs."

6) The visual of Mr. Quist's head and the stage lights in the Quist Photograph is consistent with Mr. Quist's background as a musician and entertainer.

7) The Quist Photograph was a candid image of Mr. Quist.

8) Ms. Peterman did not stage the action depicted in the Quist Photograph.

9) The RNC's vendor obtained the Quist Photograph used in the RNC Mailing from the Quist campaign's Facebook page.

10) The RNC Mailing was critical of Mr. Quist.

11) The text used in the RNC Mailing did not merely describe the Quist Photograph.

12) The text used in the RNC Mailing did not merely add context to the Quist Photograph.

13) The use of the Quist Photograph in the RNC Mailing served the purpose of criticism rather than identification.

14) The use of the Quist Photograph in the RNC Mailing was part of a political campaign message.

15) The use of the Quist Photograph in the RNC Mailing was noncommercial in nature.

16) The RNC's vendor used the Quist Photograph in the RNC Mailing as a vehicle for criticizing Mr. Quist.

17) The RNC Mailing transformed the meaning of the Quist Photograph from one that portrayed Mr. Quist's background as a musician and entertainer in a positive light to one that used his musical background against him with the turns of phrase "time to face the music" and "can't hit the right note."

18) Neither party is aware of any person or entity duplicating the version of the Quist Photograph contained in the RNC Mailing.

19) Neither party is aware of any person or entity duplicating the version of the Quist Photograph contained in the RNC Mailing as a substitute for licensing the Quist Photograph from Ms. Peterman.

20) Ms. Peterman has never licensed a photograph to the RNC.

21) Ms. Peterman has never actively sought to license a photograph to the RNC.

22) Ms. Peterman has never licensed a photograph for use by a Republican candidate.

23) Ms. Peterman has never sought to license a photograph for use by a Republican candidate.

    H.    <u>Proposed joinder of parties and amendments to pleadings deadlines</u>.

Defendant is unaware of any other parties that should be added to this lawsuit at this time.

    I.    <u>Controlling issues of law suitable for pretrial disposition</u>.

Defendant believes that although fair use involves a mixed question of fact and law, Defendant's defense of fair use is suitable for disposition on summary judgment.

    J.    <u>Status of Settlement Discussions and Prospects for Compromise</u>

The parties have discussed the possibility of settlement, but Defendant does not believe a compromise is possible at this time.

    K.    <u>Suitability of special procedures or placement on an expedited trial docket.</u>

This case does not require a special procedure, nor is it suitable for placement on an expedited trial docket.

DATED this 14th day of June, 2018.

                                                /s/ Ari S. Meltzer
                                    Mark S. Williams, Esq.
                                    Williams Law Firm, P.C.

                                    David E. Weslow, Esq.
                                    Ari S. Meltzer, Esq.
                                    Wiley Rein LLP
                                    *Attorneys for Defendant RNC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June, 2018, I filed a copy of the foregoing using the court's CM/ECF system, which will cause a copy to be served electronically upon:

Erin M. Erickson
Bohyer, Erickson, Beaudette & Tranel
283 West Front St.
Suite 201 Missoula, MT
erickson@bebtlaw.com

*Counsel for Plaintiff*

/s/ Ari S. Meltzer
Ari S. Meltzer

# EXHIBIT A



# TELL LIBERAL ROB QUIST: IT'S TIME TO FACE THE MUSIC

**Montana Families Can't Afford**
- ✗ Job Killing Regulation
- ✗ Higher Taxes and Fees
- ✗ Government-Run Healthcare

**VOTE AGAINST ROB QUIST THURSDAY, MAY 25TH**

Paid for by the Republican National Committee. Not authorized by any candidate or candidate's committee. www.gop.com

310 First Street, SE
Washington DC 20003

Non-Profit Org.
U.S. Postage
**PAID**
The Mailing Company

FOR MONTANA CONSERVATIVES, **LIBERAL ROB QUIST** CAN'T HIT THE RIGHT NOTE

# LIBERAL ROB QUIST
## MUSIC TO NANCY PELOSI'S EARS

**NATIONAL GUN REGISTRY**
Quist is out of touch with Montana values and supports a firearm registry for gun owners.[1]

**GOVERNMENT-RUN HEALTHCARE**
Quist supports government-run single-payer healthcare, which would raise taxes and increase spending.[2]

**JOB KILLING REGULATION**
Quist wants more red tape and regulation that would hurt Montana businesses and families.

# ROB QUIST & NANCY PELOSI
## SINGING THE SAME TUNE



1. www.bozemandailychronicle.com/news/politics/rob-quist-touring-state-lobbying-dems-ahead-of-u-s/article_1b0c9fc5-83f6-5e3d-85d9-0ecd8d353b66.html
2. *KGVO*, 1/20/17; *Washington Post*, 7/12/11; Congressional Budget Office, 3/20/10